[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff, whose birth name was Sharon George, and the Defendant were intermarried in Portland, Maine, on February 21, 1965.
One of the parties to this marriage, for at least twelve months prior to the date of the filing of this Complaint, was a resident of this jurisdiction.
The Plaintiff and the Defendant have no minor children issue of their marriage, nor have any children or minors been born to the Plaintiff since the date of the marriage. The parties do however, have four grown children who have reached the age of majority.
The evidence was presented to the court and the parties were fully heard, and the following constitute the findings of fact and conclusions of law based upon the relevant, admissible and credible evidence, and inferences therefrom adduced during the trial.
The defendant husband, who is the father of the four grown children, committed incest with his daughter when she was approximately nineteen years of age, this continued over a several year period, and this eventually became known not only to their mother but to the other siblings and had a devastating affect upon the whole family. He was also physically violent to this young girl on occasions when she returned home from dates and threatened her with respect to not disclosing this incestuous relationship. At one point the mother left the home with the children in attempt to put their lives back together, but made the decision to return home as she had no other place to go. The defendant husband also practiced acts of physical violence upon his wife. This marriage has broken down irretrievably and the court concludes that the defendant's actions are the proximate cause of the breakdown of this marriage.
The defendant is and has been for many years gainfully employed as a large equipment tire changer for Tilcon and presently earns $977.80 per week. His health is good and his prospect for continued employment is not subject to any question based upon a lack of evidence before the court.
The plaintiff is gainfully employed as a certified nursing assistant at the Madison House and has a gross income of $560.00 per week. She is fifty-six years of age, and also has no demonstrable health problems. The prospect for future employment CT Page 10619 appear to be good.
Based upon the statutory criteria set out for consideration by the courts in making orders of alimony and property distribution, the court enters the following orders herein:
The marriage of the parties is dissolved on the grounds of irretrievable breakdown caused by the defendant. From the nature of the employment of the parties and the affidavits on file, the court concludes the defendant has a far greater capacity for generating more income in the future than does the plaintiff. The defendant is ordered to pay to the plaintiff the sum of $150.00 per week alimony terminable upon the death of either party or the remarriage of the plaintiff.
All the right, title, and interest to the property at 46 River Road, Clinton, Connecticut, including the building lot is confirmed in the plaintiff and shall remain her sole and separate property. The plaintiff shall have exclusive possession and ownership of the Corvette automobile. The plaintiff shall have the option of retaining health insurance benefits as available through the Defendant's employer, to the extent permitted by law, at the Defendant's expense, for so long as he shall remain employed.
Each party shall be responsible for the debts listed on their respective affidavits, and shall hold the other harmless in connection therewith. The defendant shall within 120 days pay to the plaintiff one-half of the real estate taxes accrued on the family home in the present total outstanding amount of $3,721.10, one-half being $1,860.00.
The court orders that there be set over to the plaintiff one-half of the defendant's operating engineer's pension fund as of the date of his retirement and one-half of the operating engineer's annuity owned by the defendant, which orders shall be implemented by way of an appropriate qualified domestic relations order which shall be submitted by the counsel of record to the court for signature.
The $2,000 held in escrow by the plaintiff's attorney is awarded to the plaintiff as an allowance to prosecute which the court feels appropriate in order to maintain the solidarity of the plaintiff's financial situation as ordered by the court herein. CT Page 10620
It is so ordered.
JAMES M. HIGGINS, J.